STEVENS v. HEIN et al.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. MUTUAL INSURANCE—ASSESSMENTS.
   A member of a foreign mutual fire insurance company, making a contract in the state to pay assessments, pursuant to the laws of another state, is bound by a judicial determination of an assessment in the latter state, pursuant to the laws thereof, though he was not a party to the proceedings.

2. SAME—NOTICE BY MAIL.
   Notice by mail of an assessment on a member of a mutual fire insurance company is sufficient.

3. SAME—DEMAND.
   A demand of a member of a mutual fire insurance company to pay an assessment is a sufficient notice to him of the assessment.

Appeal from special term, New York county.

Action by William B. Stevens, receiver of the Commonwealth Mutual Fire Insurance Company, against Hyman Hein and others. From a judgment overruling a demurrer to the complaint, certain defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

B. G. Oppenheim, for appellants.
Henry B. Twombly, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as receiver of the Commonwealth Mutual Fire Insurance Company (also appointed ancillary receiver in New York state), against the defendants, to recover certain assessments levied upon them under a mutual

policy issued to them by said company. Losses having occurred rendering necessary an assessment upon the policies of the company, pursuant to the laws of Massachusetts, an assessment was levied by the board of directors of the company, and a judicial determination, according to the laws of Massachusetts, was had thereon. The assessment levied against the defendants having been demanded and refused, this action was commenced to recover the same. In support of the demurrer it is claimed that as a cause of action against the defendants, as shown by the complaint, depended entirely upon the effect of certain legal proceedings taken in the courts of Massachusetts, to which neither of the defendants was a party, and as the complaint shows no facts constituting a liability against them outside of such legal proceedings, it was demurrable. To support this contention, the defendants claim—First, that the contract was a New York contract, and not a Massachusetts contract, whereunder the defendants would be bound by proceedings under the Massachusetts statute; and, secondly, that the policy being a New York contract, the proceedings in Massachusetts were not binding upon the defendants, who were not parties thereto; and that, the contract being a New York contract, the defendants had a right to be heard in the matter of its enforcement; and that the proper place was in the New York forum; and that they, being residents of New York, could not be concluded by a proceeding brought entirely under the Massachusetts statute. They further claimed that there was not sufficient allegation of notice of the assessment to entitle the plaintiff to claim its recovery.

It seems to us, so far as the liability of the defendants is concerned, entirely immaterial whether the policy in question was a New York contract, or one made in the state of Massachusetts, for the reason that there is an express agreement in the policy issued to pay, in addition to the cash premiums, all such sums as might be assessed by the board of directors of the company pursuant to the laws of Massachusetts, not to exceed three times the amount of the premium. Therefore, so long as the proceedings by which the assessment was arrived at conformed to the laws of Massachusetts, there was a contractual obligation upon the part of the defendants to pay; the place of their residence or domicile, or the lex loci contractus, being therefore entirely immaterial. Even if the contract was made in New York, it was a contract to be bound by proceedings according to the laws of the commonwealth of Massachusetts and in the courts of that state; and it appears in the complaint that, under such laws, the proceedings for assessment took place in that state. Unless the parties were entitled to notice under the laws of Massachusetts, which does not appear, the fact that no notice of such proceedings is alleged in no way affects their validity.

The objection that no sufficient notice of the assessment has been alleged seems to be equally without foundation. There is an allegation in the complaint that written notice of such assessment was made by mail upon the defendants within two years from the expiration of the policy, and that demand was made for the payment of same, and that payment was refused, and no part thereof had been paid. Notice by mail or otherwise was sufficient; and they certainly

had notice of the assessment when the demand was made upon them for its payment.

We think, therefore, that the demurrer was properly overruled, and that the judgment should be affirmed, with costs, and with leave to the defendants to withdraw demurrer and answer, on payment of costs in this court and in the court below.   All concur.